IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARAVAN INGREDIENTS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.    13-2592** |
| v. ) | |
| ) | **Jury Trial Demanded** |
| **AZO, INC. and SEFAR, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT AZO, INC.'S REPLY MEMORANDUM
IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN OPINIONS AND TESTIMONY OF THOMAS EAGAR, ScD, P.E.**

COMES NOW Defendant AZO, Inc. (hereafter "AZO"), by and through counsel, and submits the following Reply Memorandum in Support of its Motion to Strike Certain Opinions and Testimony of Thomas Eagar, ScD, P.E. - *See* (Doc. 132).

**I.    INTRODUCTION**

In its Memorandum in Opposition (Doc. 140), plaintiff Caravan Ingredients, Inc. ("Caravan") indicates, "It is unclear if AZO is challenging Dr. Eagar's qualifications to render his opinions." Caravan then cites an extensive litany of paragraphs dealing with Dr. Eagar's education and position as a Professor at MIT. AZO's Motion to Strike Certain Opinions for Dr. Eagar never set forth any challenge to his qualifications, but instead, specifically set forth the two opinions and areas of testimony that AZO requests the Court strike:

1.    Opinions regarding whether stainless steel was an appropriate material for the subject screen, as opposed to nylon/nitex (Exhibit 1, Dr. Eagar opinions #4, #5, p. 5; opinion #8, p. 6;) and

2.    That the 30-mesh stainless steel screen failed because of inadequate design, or inadequate systems integration by AZO (See Exhibit 1, pp. 6, 7). (Doc. 132, p. 1-2).

A key question to be answered in determining whether an expert's opinion or theory is considered scientific knowledge and will assist the trier of fact <u>is whether it can be (and has been) tested</u>. *Daubert* at 593.  Further, the court is tasked with performing <u>a preliminary assessment of whether the reasoning and methodology underlying the opinions or testimony is scientifically valid</u>, and whether that reasoning and methodology can be properly applied to the facts at issue in the specific case. *Daubert* at 592.

## II.     ARGUMENT

Rather than addressing AZO's challenge to Dr. Eagar's first opinion set forth above regarding whether stainless steel was an appropriate material for the subject screen as opposed to nylon nitex, Caravan once again cites this Court's Order of December, 2014 (Doc. 93) for the alleged "Court's determination that AZO knew that the stainless steel screen was an unviable option for its known intended use at the time AZO sold it to Caravan." (Doc. 140, p. 11).  The Court already made it clear in its subsequent Memorandum and Order (Doc. 131) that the Court's findings in (Doc. 93) were narrow in scope to the issue of whether Caravan's fault could be compared to selection of the original metal screen.  It is improper to have Dr. Eagar base any of his opinions on this narrow "ruling," and certainly improper to question the viability of the metal screen being operated in the AZO screener based upon the Court's ruling set forth in Doc. 93.

The mere fact that Dr. Eagar reviewed the depositions of a few of AZO's employees, and raw data about individual wire testing, does not lead to the appropriate scientific reasoning or methodology necessary to opine as to whether stainless steel was an appropriate material for the subject screen, as opposed to a nylon nitex screen.  Dr. Eagar did no testing with respect to the forces on the entire screen itself (only a review of individual wire testing), he admitted to be

2

unaware of the actual loading conditions of the screen within the AZO E-650 screener while screening wheat flour at the time of its alleged failure, and he admitted to just doing essentially "a differential diagnosis between two materials here" (stainless steel versus nylon nitex) (Exhibit 2 to AZO's Daubert Motion (Doc. 132) p. 78, ll. 13-25).

With respect to the second opinion that AZO seeks to strike of Dr. Eagar, "That the 30-mesh stainless steel screen failed because of inadequate design, or inadequate systems integration by AZO." (*See* Eagar report, Exhibit 1, pp. 6, 7).  Caravan's Opposition states that Dr. Eagar cited to an ASM Handbook, Vol. 20 - Material Selection and Design and text in the book entitled <u>Design For Manufacturing: A Structured Approach</u> (Doc. 140, p. 8), and then claims at the end of its Argument section that "Dr. Eagar has and will opine that the Screen failed because (1) the stainless steel material was unfit for use in the known application and (2) AZO did nothing to test the screen (which it had never previously sold) to determine if or how it could be made safe." (Doc. 140, p. 13).

Mere citation to other scientific journals about systems and design integration does not lead to a scientifically valid opinion that AZO failed to perform adequate design and systems integration that led to the failure of the 30-mesh stainless steel screen in the subject application. Although AZO may not have sold this exact screen in the exact 316 stainless steel material and mesh size before, it had sold similar metal screens in similar mesh sizes and produced testing documents as part of the discovery answers to Caravan in the lawsuit.  (Responses of AZO, Inc. to Plaintiff's Third Discovery and bate-stamped documents AZO 180 - AZO 182, attached as **Exhibit "A"**; AZO Screener Test Reports, bate-stamped AZO 184 - AZO 188, attached as **Exhibit "B"**).  Although Dr. Eagar issued his report before these documents were requested or produced by AZO, Dr. Eagar had a chance to file a rebuttal expert report, but Caravan chose not

3

to do so.  The documentation produced by AZO shows that a steel mesh screen utilized in an AZO E-650 screener was fit for the known application, and that AZO had sold numerous stainless steel screens to customers with a 5-mesh (5 openings per inch) or smaller between January 1, 2001 and December 31, 2011, almost all before the sale of the subject six stainless steel screens to Caravan.  (*See,* **Exhibit A**, including three pages of sales data for the screens mentioned above).  AZO had also conducted testing on screens used in AZO E-650 screeners before the subject screens were sold to Caravan on December 2, 2011.  (**Exhibit B**).  Dr. Eagar's opinions that AZO did not do proper engineering design or systems integration with respect to the subject stainless steel screen is inaccurate, and most likely based in part on the fact that he had not reviewed the AZO sales and testing documents at the time he issued his report, and never issued a rebuttal report.

### III.     CONCLUSION

Dr. Eagar, Caravan's only engineering expert in this matter, has issued two opinions that should be struck by the Court because they were not adequately tested, and his reasoning or methodology underlying his opinions are not scientifically valid, but instead based upon mere speculation and conjecture, and on inadequate information.  As set forth above, Dr. Eagar's opinions regarding whether stainless steel was an appropriate material for the subject screen as opposed to nylon nitex, and his opinion that the 30-mesh stainless steel screen failed because of inadequate design or inadequate system integration should be struck by this Court pursuant to the standards set forth in the *Daubert* case and Rule 702.

Dated:    April 15, 2015

F:\WPDOCS\82\82.085\AZO's Reply MIS of Daubert motion .doc

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

  /s/ *Michael J. Tubbesing*
Michael J. Tubbesing        #16982
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100; (816) 421-7915 Fax
mtubbesing@fsmlawfirm.com
**Attorney For Defendant AZO, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2015, the above and foregoing was electronically filed with the United States District Court for the District of Kansas using the CM/ECF system which sent a Notice of Electronic Filing to the following:

| | |
|---|---|
| Paul S. Penticuff, Esq.<br>**Baker, Sterchi, Cowden & Rice, LLC**<br>2400 Pershing Road, Suite 500<br>Kansas City, Missouri 64108<br>(816) 471-2121; (816) 472-0288 Fax<br>penticuff@bscr-law.com<br>**Attorneys for Plaintiff** | Melinda A. Davis, Esq.<br>Paul A. Casetta, Esq.<br>**Denenberg Tuffley, PLLC**<br>28411 Northwestern Hwy, Suite 600<br>Southfield, MI 48034<br>(248) 549-3900; (248) 5593-5808 Fax<br>mdavis@dt-law.com<br>pcasetta@dt-law.com<br>**Attorneys for Plaintiff** |

  /s/ *Michael J. Tubbesing*
**Attorney for Defendant AZO, Inc.**